09-2310-ag
Lin v. Holder

BIA
A077 657 975

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand ten.

PRESENT:
    BARRINGTON D. PARKER,
    RICHARD C. WESLEY,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges.*

_____

XIA LIN,
        *Petitioner*,

        v.                                09-2310-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        *Pro se*

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Cindy S. Ferrier, Senior
                       Litigation Counsel; P. Michael
                       Truman, Attorney, Civil Division,
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xia Lin, a native and citizen of the People's Republic of China, seeks review of the May 6, 2009, order of the BIA, which denied her motion to reopen. *In re Xia Lin*, No. A077 657 975 (B.I.A. May 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion in denying Lin's motion to reopen as untimely because she filed it almost six years after the BIA issued its final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Additionally, the BIA did not err in denying Lin's motion to reopen because she failed to submit a new asylum application setting forth her new claim based on her alleged involvement with the Chinese Democracy Party ("CDP"). *See* 8 C.F.R. § 1003.2(c)(1); *Bi Feng Liu v. Holder*, 560 F.3d 485, 490-91 (2d Cir. 2009) (finding that because petitioner "did not

append an application for asylum to his motion to reopen as mandated . . . [the] motion to reopen is, at a minimum, procedurally defaulted").  Lin's failure to file an asylum application with her motion meant that the motion was procedurally defaulted.  *See Bi Feng Liu*, 560 F.3d at 490-91.  That default is dispositive of her petition for review.  In any event, we agree with the BIA that Lin's alleged involvement with the China Democracy Party was not a changed country condition in China.[1]  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-274 (2d Cir. 2006); *Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] Lin does not challenge the BIA's rejection of her ineffective assistance of counsel claim.

3